**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DERRICK LEE SMITH,

        Petitioner,

v.                                                     CASE NO. 07-CV-10875

THE MICHIGAN PAROLE BOARD and      PAUL D. BORMAN
THE MICHIGAN DEPARTMENT OF         UNITED STATES DISTRICT JUDGE
CORRECTIONS,

        Respondents.
_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT PURSUANT TO U.S.C. § 2244(b)(3)(A)

Petitioner Derrick Lee Smith ("Petitioner") has filed a *pro se* application for the writ of habeas corpus.  The habeas petition challenges rulings made by the Michigan Parole Board when denying Petitioner's release on parole.  Petitioner contends that the Parole Board's rulings were unfair and based on false information.

Petitioner challenged the denial of parole in two previous habeas petitions.  This Court denied the first such habeas petition on the ground that Petitioner had no protected liberty interest in parole and therefore his challenge to the Parole Board's decision was not cognizable on federal habeas review.  *See Smith v. Vasbinder*, No. 05-72557, 2005 WL 1631150 (E.D. Mich. July 11, 2005) (unpublished).  The United States Court of Appeals for the Sixth Circuit denied Petitioner's subsequent motion for a certificate of appealability.  *See Smith v. Vasbinder*, No. 05-2038 (6th Cir. May 25, 2006).

In 2006, Petitioner filed another habeas petition challenging procedures used by the Parole Board.  United States District Judge Marianne O. Battani transferred that petition to the Sixth Circuit Court of Appeals as a second or successive habeas petition.  *See Smith v. Sherry*,

No. 06-11167, 2006 WL 1109373 (E.D. Mich. Apr. 26, 2006) (unpublished). The matter is still pending in the Sixth Circuit. *See In re Smith*, No. 06-1558 (6th Cir. 2006).

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). When a second or successive petition for habeas corpus relief is filed in the district court without § 2244(b)(3) authorization from the court of appeals, the district court must transfer the document to the court of appeals, pursuant to 28 U.S.C. § 1631. *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997).

Petitioner has not acquired permission to file another habeas petition challenging the Michigan Parole Board's rulings. This Court has no jurisdiction to consider an unauthorized second or successive habeas petition. *In re King*, 190 F.3d 479, 482 (6th Cir. 1999). It makes no difference whether the petition was filed under 28 U.S.C. § 2254 or under 28 U.S.C. § 2241. *Rittenberry v. Morgan*, 468 F.3d 331 (6th Cir. 2006); *see In re Marsch*, No. 05-6340, 2006 WL 3780362 (6th Cir. Dec. 20, 2006) (unpublished).

Accordingly, the Clerk of Court is **ORDERED** to transfer Petitioner's case to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631.

**SO ORDERED.**

                                                s/Paul D. Borman  
                                                PAUL D. BORMAN  
                                                UNITED STATES DISTRICT JUDGE

Dated: March 12, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on March 12, 2007.

                                                s/Denise Goodine
                                                Case Manager